IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1873-03






LYDIA H. BOWEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WISE COUNTY





 Keller, P.J., filed a dissenting opinion.



 By its nature, the "necessity" defense is a catch-all provision designed to afford a defense in
situations where a defense is clearly warranted but is not afforded by any other statutory provision. 
I would hold that a necessity defense is not raised if the evidence presented merely raises an issue
under another statutory defense. Otherwise, entitlement to an instruction for certain defenses such
as self-defense and defense of a third person would always also entail entitlement to an instruction
on the defense of necessity. Submitting wholly redundant defenses would not aid the truth-finding
function of the trial and risks confusing the jury.

 A corollary of excluding the defense of necessity when it is wholly redundant of another
defense is that the defense of necessity should be excluded when it is based solely upon less evidence
than required for raising another defense. One of the elements of the defense of necessity is that "a
legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly
appear." (1) Each defense to criminal prosecution contains the elements it does because the Legislature
deemed it appropriate to require certain circumstances to be present before a defense could be
invoked. Permitting the necessity defense solely upon less evidence than needed to raise another
defense amounts to circumventing these legislatively prescribed requirements. Rather, in comparing
the defense of necessity to another potentially applicable defense, the evidence should raise at least
one circumstance of mitigating character that cannot be given full effect within the elements of that
other defense.

 Turning to the present case, we see that appellant received an instruction on self-defense. 
In the resisting arrest context, the self-defense statute requires among other things a showing that,
before the actor offered any resistance, the officer used or attempted to use "greater force than
necessary to make the arrest" and the actor reasonably believed her response was immediately
necessary to protect herself against that type of force. (2) All of appellant's evidence regarding the
violent nature of the arrest and the pain caused as a result could be given full effect in the context
of that self-defense requirement. The evidence did not, for example, show that appellant had some
peculiar infirmity or condition, unknown to the officer, that would have made the officer's
reasonable conduct a threat to appellant's safety. Under the circumstances, appellant's evidence
raised nothing more than the issue of self-defense to the use of unnecessary force. Consequently,
the trial court did not err in declining to give an instruction on the defense of necessity.

 Keller, Presiding Judge

Date filed: May 4, 2005

Publish


 
1. Tex. Pen. Code §9.22(3).
2. Tex. Pen. Code §9.31(c):


The use of force to resist an arrest or search is justified:


(1) if, before the actor offers any resistance, the peace officer (or person acting at
his direction) uses or attempts to use greater force than necessary to make the
arrest or search; and


(2) when and to the degree the actor reasonably believes the force is immediately
necessary to protect himself against the peace officer's (or other person's) use or
attempted use of greater force than necessary.